Prob 12
(Rev. 3-88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

**U.S.A. vs. MICHELE L. LOWMAN**                                      **Docket No. 99-00081-001**

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MICHELE L. LOWMAN, who was placed on supervision by the Honorable William L. Standish sitting in the Court at Pittsburgh, Pennsylvania, on the 31st day of March 2004, who fixed the period of supervision at four years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

Original conditions of supervision imposed by Senior U.S. District Judge Standish on August 5, 1999, at sentencing:

- Four months' home confinement.
- Shall provide access to any requested financial information.
- Shall pay a special assessment of $100.
- Shall pay $39,321.15 restitution in monthly installments of not less than 10 percent of gross monthly income.
- Shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless in compliance with the installment payment schedule.

**U.S.A. vs. MICHELE L. LOWMAN**                                      **Docket No. 00-00013-001**

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MICHELE L. LOWMAN, who was placed on supervision by the Honorable William L. Standish sitting in the Court at Pittsburgh, Pennsylvania, on the 31st day of March 2004, who fixed the period of supervision at four years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

Original conditions of supervision imposed by Senior U.S. District Judge Standish on January 28, 2000, at sentencing:

- Pay $16,500 restitution in monthly installments of not less than 10 percent of gross monthly income.
- Provide access to any requested financial information.
- Pay a special assessment of $100.
- Shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless in compliance with the installment payment schedule.
- Shall undergo a mental health evaluation and, if recommended, participate in a program of mental health treatment.

U.S.A. vs. Michele L. Lowman
Docket No. 99-00081-001
Docket No. 00-00013-001
Docket No. 00-00190-001
Page 2

**U.S.A. vs. MICHELE L. LOWMAN**                                                                    **Docket No. 00-00190-001**

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MICHELE L. LOWMAN, who was placed on supervision by the Honorable William L. Standish sitting in the Court at Pittsburgh, Pennsylvania, on the 31st day of March 2004, who fixed the period of supervision at four years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

Original conditions of supervision imposed by Senior U.S. District Judge Standish on October 31, 2000, at sentencing:

- Pay $25,132.48 restitution in monthly installments of not less than 10 percent of gross monthly income.
- Provide access to any requested financial information.
- Pay a special assessment of $100.
- Shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless in compliance with the installment payment schedule.
- Shall undergo a mental health evaluation and, if recommended, participate in a program of mental health treatment.

| Date | Event |
|---|---|
| 08-05-99: | Misapplication of Funds by a Savings and Loan Employee, Docket No. 99-00081-001; Original Sentence, Judge Standish, Pittsburgh, PA; Imprisonment 4 months, with 5 years' supervised release to follow. |
| 01-14-00: | Released from Penn Pavilion (Community Corrections Center); Supervised release term begins. |
| 01-28-00: | Bank Fraud, Docket No. 00-00013-001; Original Sentence, Judge Standish; Imprisonment 10 months, with 5 years' supervised release to follow (to be served concurrently with supervised release at Docket No. 99-00081-001). |
| 03-22-00: | Via voluntary surrender to Penn Pavilion for 10 months' imprisonment sentence at Docket No. 00-00013-001; Supervised release at Docket No. 99-00081-001 removed to inactive status. |
| 10-31-00: | Bank Fraud, Docket No. 00-00190; Original Sentence, Judge Standish; Imprisonment 19 months consecutive to imprisonment imposed at Docket No. 00-00013-001 and supervised release of 5 years to follow. (Supervised release at Docket No. 99-00081-001 remains inactive during service of federal imprisonment sentences.) |
| 06-05-02: | Released from Renewal (Community Corrections Center) from imprisonment imposed at Docket Nos. 00-00013-001 and 00-00190-001; Supervised release at Docket No. 99-00081-001 returned to active status with new expiration date of March 28, 2007. (Supervised release terms at Docket Nos. 00-00013-001 and 00-00190-001 opened inactive.) |
| 03-31-04: | Show cause hearing; Supervised release revoked at Docket Nos. 99-00081, 00-00013, and 00-00190; Imprisonment 10 months at each docket, to be served concurrently, with 48 months' supervised release to follow at each docket number, to run concurrently. All conditions originally imposed at each docket number remain in effect. |
| 06-16-05: | Released from FCI-Alderson; Currently supervised by U.S. Probation Officer Shannon Smith Meyers. (Supervised release terms at Docket Nos. 00-00013-001 and 00-00190-001 opened inactive.) |

U.S.A. vs. Michele L. Lowman
Docket No. 99-00081-001
Docket No. 00-00013-001
Docket No. 00-00190-001
Page 3

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

Your Petitioner reports that the defendant does not appear to have the ability to pay restitution as ordered. Based on a financial statement submitted by the defendant on June 1, 2006, it appears that she is only able to make nominal payments towards her restitution at this time.

PRAYING THAT THE COURT WILL ORDER the defendant's conditions of supervised release be modified to direct the defendant to make payments, in an amount to be determined by the probation officer, but in no event, not less than $30 per month.

ORDER OF COURT

Considered and ordered this _____ day of _____, 20____, and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   August 9, 2006

_Shannon Smith Meyers_
Shannon Smith Meyers
U.S. Probation Officer

_Paul J. Dippolito_
Paul J. Dippolito
Supervising U.S. Probation Officer

Place: Pittsburgh, Pennsylvania